UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KONO RENAUL FURR,
    Petitioner,

vs.

HAMILTON COUNTY SHERIFF,
    Respondent.

Case No. 1:16-cv-1090

Barrett, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Petitioner, an inmate at the Hamilton County Justice Center in Cincinnati, Ohio, has filed a motion for leave to proceed *in forma pauperis* in connection with a pro se petition for a writ of habeas corpus. (*See* Doc. 1). Petitioner's motion for leave to proceed *in forma pauperis* is hereby **GRANTED**. (Doc. 1). However, for the reasons stated below, the petition should be dismissed.[1]

Petitioner is a pretrial detainee, awaiting trial in the Hamilton County Court of Common Pleas in case number B-1601520. Petitioner makes the following claims in the petition:

> For the record, entered into the record. I am a living, breathing, flesh, natural man in sui juris, in propria persona. I am not an artificial, "nom de gurre", corporate, construct, nor a fictional being. The Creator has placed me free, and a private (Sovereign State). I demand that the courts to cease and desist. The Courts have no claim over my body.
>
> As I have shown the court (corporation) a certificate issued by the Ohio Secretary of State, Jon Husted, that has been recorded on the Public Record (see attached documents) stating that I am not the defendant on the courts docket. The name is fictitious and I am the registered owner of that name under Ohio law. For the court to ignore the Fictitious Name Registration entered into the Public Record, which was clearly presented to Judge Robert P. Ruehlman (0021463) on August 23, 2016 in open court.

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must promptly examine" habeas petitions forwarded by the clerk for initial review and "must dismiss" a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

(Doc. 1-1, Petition at PageID 3). Petitioner further alleges that Judge Ruehlman violated "his public service oath and judicial immunity under Canon 3228(ii), (iii) and (iv)" when he proceeded with petitioner's criminal case. (*Id.* at PageID 4). According to petitioner, Judge Ruehlman overruled petitioner's motion to dismiss and petitioner "informed the court that under UCC 1-308 that I do not want to contract." Petitioner further claims to have advised the court that it was in violation of 18 U.S.C. § 242, 18 U.S.C. § 241, and 28 U.S.C. § 1333, as well as *Cooper v. Aaron*, 358 U.S. 1 (1958). (*Id.*). As an attachment to his petition, petitioner includes a certificate reflecting that petitioner filed a Fictitious Name Registration form on May 20, 2016, reporting "Kono Renaul Furr" as a fictitious name with the Ohio Secretary of State.[2] (*See id.* at PageID 6).

      A pretrial detainee, who has exhausted all available state court remedies as a prelude to seeking federal habeas relief, may seek federal habeas relief under 28 U.S.C. § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973); *Atkins v. Michigan,* 644 F.2d 543, 546-47 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546. Therefore, intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden,* 410 U.S. at 489 (1973); *Atkins,* 644 F.2d at 546. Furthermore, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available

---

[2] Pursuant to Ohio Revised Code §1329.01(D), any person who does business under a fictitious name not registered as a trade name must report the use of that name to the Secretary of State.

state court remedies before seeking federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Pruitt v. Ohio,* No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010) (Hogan, M.J.) (Report & Recommendation), *adopted*, 2010 WL 2620804 (S.D. Ohio June 25, 2010) (Barrett, J.); *Jenkins v. Kentucky*, Civ. Act. No. 14-31-HRW, 2014 WL 2758762, at *2 (E.D. Ky. June 3, 2014) (citing and quoting *Simpson v. Jones*, No. 11-cv-422-JBC-CJS, 2012 WL 3912755, at *2-3 (E.D. Ky. July 16, 2012) (Report & Recommendation), *adopted*, 2012 WL 3912738 (E.D. Ky. Sept. 7, 2012)); *Coleman v. Jones,* No. 3:10cv163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010); *Robinson v. Michigan,* No. 1:09cv231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009). None of those exceptions apply here. Petitioner's pleadings are difficult to decipher. It appears that petitioner is claiming that Ohio lacks jurisdiction to arrest or prosecute him because he reported his name as a fictitious name with the Secretary of State while awaiting trial. Even construing the petition liberally, his claims do not constitute the type of "extraordinary circumstances" recognized by the Sixth Circuit that would permit this Court to intervene in the pending state criminal trial proceedings.

In any event, even assuming, *arguendo*, that extraordinary circumstances exist to justify

this Court's intervention in the ongoing state criminal proceedings, it appears that it is subject to dismissal because petitioner has not exhausted any available state court remedies before applying for federal habeas corpus relief.[3]

## IT IS THEREFORE ORDERED THAT:

Petitioner's motions for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED.**

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's *pro se* petition for a writ of habeas corpus be **DISMISSED** without prejudice to refiling after petitioner has exhausted all available state court remedies.

2. A certificate of appealability should not issue because, for the foregoing reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] The online docket report for petitioner's Hamilton County, Ohio criminal case is available at www.courtclerk.org/case.asp under case number B 1601520.

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KONO RENAUL FURR,                       Case No. 1:16-cv-1090
    Petitioner,

                                                Barrett, J.
vs.                                                Bowman, M.J.

HAMILTON COUNTY SHERIFF,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).