**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Kono Renaul Furr, | Case No. 1:16-cv-1090 |
| Petitioner, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| Hamilton County Sheriff, | |
| Respondent. | |

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's December 9, 2019 Report and Recommendation ("R&R") recommending Petitioner's claims be dismissed for failure to exhaust available state remedies. (Doc. 2). Petitioner filed timely objections on December 27, 2016. (Doc. 3).

When objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

While Petitioner was a pretrial detainee, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). However, the Magistrate Judge found that when Petitioner filed his petition, he had failed to exhaust state court remedies before seeking habeas relief by fairly presenting his claims to the state court. *Accord O'Sullivan*

*v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). In addition, the Magistrate Judge noted that under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state court criminal proceedings absent a "great and immediate" threat of "irreparable injury." *Younger v. Harris*, 401 U.S. 37, 46 (1941). The Magistrate Judge explained that while the Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine which would permit a federal court to consider a pretrial habeas corpus petition, none of these exceptions apply in this instance. In his objections, Petitioner does not address these points, but instead raises issues related to his claim that he is "an American state citizen," and that any judgment "that the court tries to pass against this living, breathing flesh and blood natural man will be null and void because I do not accept their offer to contract and I do not consent to their proceedings." (Doc. 4, PAGEID# 28, 29)

During the long period of time which has passed since the Magistrate Judge entered her R&R, the docket in the state court proceedings show that Petitioner was convicted of burglary and possession of criminal tools in the Hamilton County Court of Common Pleas. Petitioner appealed this conviction to Ohio's First District Court of Appeals, which affirmed the trial court's judgment on June 8, 2018. On appeal, Petitioner raised two assignments of error: (1) the trial court violated his Sixth Amendment right to counsel; and (2) the trial court violated his right to due process by compelling him to participate in a jury trial while wearing identifiable jail clothes.

Petitioner raises different claims in his federal habeas petition. Here, Petitioner claims he "is not the defendant on the Court's docket [because] that name is fictitious and

I am the registered owner of that name under Ohio law." (Doc. 3, PAGEID# 18). Petitioner claims that for the trial judge court to move forward in the state court proceedings was a violation of the judge's "public service oath and judicial immunity." (Id., PAGEID# 19). Petitioner also claims that the trial court judge "that under UCC 1-308 that I do not want to contract." (Id.)

"Federal courts lack jurisdiction to consider a habeas claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (citing *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). However, where a claim is patently frivolous, a federal court may disregard a petitioner's failure to exhaust available state remedies and address the merits of the claims. *Haggins v. Warden, Ft. Pillow State Farm*, 715 F.2d 1050, 1054–55 (6th Cir.1983), *cert. denied*, 464 U.S. 1071 (1984).

Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." As this Court has held: "[d]ismissal under Habeas Rule 2(c) is appropriate where the petitioner's petition and accompanying pleadings are unintelligible and the Court is unable to determine what alleged errors of fact or law are at issue for adjudication." *McClure v. Warden, London Corr. Inst.*, No. 1:16–CV–729, 2018 WL 1452253, at *4 (S.D. Ohio March 1, 2018), *adopted*, 2018 WL 1425957 (S.D. Ohio Mar. 22, 2018); *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Even if the claims in the petition were liberally construed, the Court finds no facts which

would support a claim that Petitioner was convicted in violation of the Constitution or laws of the United States.

Based on the foregoing, the Magistrate Judge's December 9, 2016 R&R (Doc. 2) is **ADOPTED** to the extent that it recommends dismissal. It is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** with prejudice;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because Petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith," and, therefore, Petitioner is **DENIED** leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　 */s/ Michael R. Barrett*　　　　
　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　United States District Court